IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALVIN LEE COFER, | ) | 1:08-cv-991 GSA |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | TO REMAND |
| | ) | (Document 17) |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| | ) | ORDER REQUIRING STATUS |
| | ) | REPORTS |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, filed his complaint in this action on July 14, 2008. The summons and complaint were served on the Commissioner on August 18, 2008. The Commissioner has not filed an answer.

On January 26, 2009, the Commissioner of Social Security filed the instant motion to remand this matter for further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner asserts that judicial review of this case is not possible because of problems with the recording. Thus, the Commissioner is unable to provide a complete record of the administrative hearing. The Commissioner requests voluntary remand for further administrative proceedings pursuant to the Social Security Act. Sentence six of section 205(g) of the Social

1

Security Act, 42 U.S.C. § 405(g), provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security....

*See Melkonyan v. Sullivan*, 501 U.S. 89, 100 n.2 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (sentence six remand may be ordered where the Commissioner requests a remand before answering the complaint).

The joint conference committee of Congress in reporting on Social Security Disability Amendments of 1980 to the Social Security Act indicated that in some cases, procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand. The committee stated:

> The conferees have been informed that there are sometimes procedural difficulties which prevent the [Commissioner] from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record which the courts may review under 205(g) of the act. It is the hope of the conferees that remands on the basis of these breakdowns in the administrative process should be kept to a minimum so that persons appealing their decision are not unduly burdened by the resulting delay. H.R.Conf.Rep. No. 944, 96th Cong., 2d Sess. 59 (1980), *reprinted in* 1980 U.S.C.C.A.N. 1277, 1392, 1407.

Tucunango v. Sullivan 810 F.Supp. 103, 108 (S.D.N.Y. 1993). Accordingly, where the administrative hearing is unable to be transcribed, good cause exists to remand the claim to the Commissioner for appropriate action to produce a record.

Plaintiff filed an opposition to the remand on February 10, 2009, wherein he argues that the case should not be remanded because this is a delay tactic by the Social Security Administration. Plaintiff alleges that the Social Security Appeals Council made a decision based on the transcripts of the hearing and this is the first time in two years that there is any indication that a problem with the transcripts exists.

The court has considered Plaintiff's opposition, however, the attorney for the Social Security

1  Administration, an officer of the court, has represented that the transcripts of the hearing are
2  unavailable.  This court is unable to conduct a review of Plaintiff's case without a transcript of the
3  hearing.   Therefore, good cause exists to support the Commissioner's request for remand.  The
4  Social Security Appeals Council shall remand the case to an Administrative Law Judge for a new
5  hearing.

**ORDER**

7     Based on the foregoing, the Commissioner's motion for remand pursuant to sentence six of
8  section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is GRANTED.  The Social Security
9  Appeals Council shall remand the case to an Administrative Law Judge for a new hearing (unless the
10 problems with the recording or transcription of the November 30, 2006 hearing can be resolved).
11    The Court further ORDERS the Commissioner to file a joint status report within 90 days of
12 the date of service of this order.  Thereafter, the Commissioner shall file a joint status report every
13 120 days until this action is returned to this Court or otherwise resolved.

15    IT IS SO ORDERED.
16    Dated:   **March 4, 2009**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE