|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| CALVIN LEE COFER,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner,<br><br>Defendant. | 1:08-cv-991 GSA<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT OF KANSAS |

On July 14, 2008, Plaintiff filed a Complaint seeking a review of the denial of his application for disability benefits. Plaintiff resided in Fresno, California on the date he filed the instant complaint.

On March 4, 2009, this Court remanded the action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The basis of the remand was that the Commissioner of Social Security ("the Commissioner") was unable to locate an audible recording of the administrative hearing held before the Administrative Law Judge ("ALJ") on November 30, 2006. The case was remanded to allow the Commissioner to either locate an audible tape of the administrative proceeding, or in the alternative, to hold another administrative hearing in order to

1

create a transcript of the proceeding for purposes of review.

The Commissioner advised the Court that an audible tape was not found but another administrative hearing was held in San Diego, California, on November 23, 2009 before ALJ Howard Treblin. (Doc. 31 ). ALJ Treblin issued an unfavorable decision on February 12, 2010. *Id*. Plaintiff timely requested a review by the Appeals Council on March 18, 2010. (Doc. 35-1). To date, the Appeals Council has not acted on Plaintiff's appeal. *Id*.

On June 28, 2010, Plaintiff advised this Court that he had moved to Clay Center, Kansas. (Doc. 33). On July 27, 2010, this Court issued an order requiring additional briefing regarding whether Plaintiff's case should be transferred to the United States District Court of Kansas given Plaintiff's new address. (Doc. 34). The Commissioner has requested the case be transferred. Plaintiff opposes the transfer on the basis that he believes that this Court is better equipped to oversee the handling of his social Security Case since he initially applied for disability benefits in Stockton, California. (Doc. 37).

Federal law is clear on the issue of venue; the claimant must file suit in the judicial district where he or she resides, or has a principal place of business. 42 U.S.C. § 405(g). If the claimant files in the wrong district, then the Court may transfer venue to the proper district. *Id*. In this instance, Plaintiff correctly filed his complaint in the Eastern District of California, Fresno since he was residing in this district at the time the complaint was filed. However, he has subsequently moved to Clay Center, Kansas.

A district court may transfer any civil action to any other district where the case might have been brought for the convenience of the parties and witnesses and in the interest of justice. 42 U.S.C. § 1404. In this case, no contacts in this district exists. The second administrative hearing was held in San Diego, California, and Plaintiff is now residing in Clay City, Kansas. Although Plaintiff has requested that this case remain in this Court, he acknowledges that the case will ultimately have to be transferred since his permanent residence is in Kansas. Here, venue is proper in the United States District of Kansas since Plaintiff is now residing there. (Doc. 37). Furthermore, if this case requires evidentiary development, it would need to occur in Kansas.

1  Good cause appearing, IT IS HEREBY ORDERED that this matter is TRANSFERRED to
2 the United States District Court for Kansas.  Within five (5) days, Defendant shall serve a copy of
3 this order on the Office of Regional Chief Counsel within the jurisdiction of the United States
4 District Court for Kansas to facilitate the transfer of this action.

   IT IS SO ORDERED.

   Dated:   **September 8, 2010**              **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE